**Robert MOSER and Donna Moser, Appellants–Defendants,**

**v.**

**Edward MOSER and Rita Moser, Appellees–Plaintiffs.**

**No. 20A05–0504–CV–220.**

Court of Appeals of Indiana.

Dec. 7, 2005.

Daniel J. Vanderpool, Valentine Miner & Lemon, LLP, Warsaw, for Appellants.

Christopher S. Riley, Barnes & Thornburg, LLP, Elkhart, for Appellees.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

Robert Moser and Donna Moser ("Parents") bring this interlocutory appeal of the trial order that denied their motion for immediate possession of the real property occupied by Edward and Rita Moser ("Son" and his wife).

We dismiss.

### FACTS

Parents own the real property, which consists of farm acreage and buildings, farming equipment, and a residence. Son has engaged in farming the real property since childhood; he and his wife began living in the residence in 1987, and had managed various farming operations on the real property since 1988. On April 21, 2004, Son filed a complaint against Parents wherein he asked the trial court *inter alia* to order Parents to execute a deed conveying the real property to him, to be held in trust until the death of Robert. Parents filed a counterclaim, seeking *inter alia* rent and possession of the real property they owned in fee simple.

On August 18, 2004, Parents filed a motion asking the trial court to grant them immediate possession of the real property. The trial court held a hearing "on possession of the real property" on December 13, 2004. (Tr. 1). Parents submitted affidavits in which they averred their fee simple ownership of the real property; that Son was living there without paying the agreed rent and without Parents' consent or permission; and that they were, therefore, entitled to possession. Son testified at length that, over the years, Parents had made various promises to him to the effect that his continuous work on the farm

would result in the farm being his upon father's death. Son further testified that in reliance on Parents' promises, he had made significant improvements to the residence and expended substantial funds on farm equipment. At the conclusion of the hearing, the trial court asked the parties to "brief the issue of whether the doctrine of promissory estoppel creates a present possessory right to the Farm." Parents' Br. at 7. The briefs were submitted.

On January 27, 2005, the trial court denied Parents' request for an order of immediate possession, finding as follows:

1. From the time [Son] was fourteen (14) years of age he was promised by [Parents] that if he continued to work on the far [sic], the farm would become his at his father's death. [Son] continued to work the farm to and including the present date.

2. During the time [Son and his wife] occupied the farm he made improvements to the residence and expended sums on the farm equipment. The source of the funds was the farm operation and the salary paid to [Son].

3. The proceedings sought herein, *inter alia*, are analogous to a summary judgment proceedings [sic]. For either party to be successful there would need to be a showing that one party or the other is entitled to judgment and that there are no material elements being disputed.

4. Indiana accepts the doctrine of promissory estoppel as asserted by [Son]. *First National Bank of Logansport v. Logan Mfg. Co., Inc. et al,* 577 N.E.2d 949. However, the evidence submitted left the court short of the point where a final determination of the entitlement of [Son and his wife] to a declaration that promissory estoppel is the appropriate remedy. There is, however, sufficient evidence that the claim of [Parents] for immediate possession can and should be denied.

The court notes that there are adequate remedies for both the plaintiff and the defendant for their claims, including compensatory damages for termination of his right to own in the future and defendant's claim for rent alleged to be due.

(App.67–68).

Parents brought this interlocutory appeal, asserting it was one "of right" because it is "based upon an order denying delivery of possession of real property." Parents' Notice of Appeal. We cannot agree.

 This court may dismiss appeals upon its own motion when it discovers it does not have jurisdiction. *Bayless v. Bayless,* 580 N.E.2d 962, 964 (Ind.Ct.App. 1991), *trans. denied.* An appeal from an interlocutory order is not allowed unless specific authority is granted by the Indiana Constitution, statutes, or the rules of court. *Id.* Moreover, any such express authorization for an interlocutory appeal is "strictly construed." *Schwedland v. Bachman,* 512 N.E.2d 445, 449 (Ind.Ct.App. 1987).

 Indiana Appellate. Rule 5(B) provides authority for the Court of Appeals to obtain "jurisdiction over appeals of interlocutory orders under Rule 14." Appellate Rule 14(A) authorizes an interlocutory appeal "as a matter of right" following certain kinds of orders. Specifically, an interlocutory order which gives rise to a right to commence an interlocutory appeal is an order

(1) For the payment of money;

(2) To compel the execution of any document;

(3) To compel the delivery or assignment of any securities, evidence of debt, documents or things in action;

(4) *For the* sale or *delivery of the possession of real property;*

(5) Granting or refusing to grant, dissolving or refusing to dissolve a preliminary injunction;

(6) Appointing or refusing to appoint a receiver, or revoking or refusing to revoke the appointment of a receiver;

(7) For a writ of habeas corpus not otherwise authorized to be taken directly to the Supreme Court;

(8) Transferring or refusing to transfer a case under Trial Rule 75; and

(9) Issued by an Administrative Agency that by statute is expressly required to be appealed as a mandatory interlocutory appeal.

*Id.* (emphasis added).[1]

Strictly construing the above Rule in order to determine whether we have jurisdiction, *see Bayless,* 580 N.E.2d at 965, *Schwedland,* 512 N.E.2d at 449, we find it does not apply when the order is one *denying* a party's prayer for the delivery of immediate possession of real property. Other provisions of the Rule state that certain appealable interlocutory orders are those which

"grant[ ] or refus[e] to grant,"

or "dissolve[e] or refus[e] to dissolve,"

or "appoint[ ] or refus[e] to appoint,"

or "revoke[e] or refus[e] to revoke,"

or "transfer[ ] or refus[e] to transfer."

App. R. 14(A)(5), (6), (8). However, the Rule's provision regarding possession of real property does not state that an order which "orders the delivery of possession of real property *or* denies an order for the delivery of possession of real property" is an appealable interlocutory order. Rather, the provision states that the appealable interlocutory order is one "for the ... delivery of possession of real property." App. R. 14(A)(4) (emphasis added).[2]

The trial court's order herein does not order the delivery of possession of the real property. It is undisputed that Son is currently in possession of the real property, and the trial court order allows him to remain. If Parents had prevailed on their motion, and the trial court had ordered Son to deliver immediate possession of the real property to Parents, that would have been an interlocutory order "for the ... delivery of the possession of real property." Ind.App. R. 14(A)(4).

Here, the trial court's order effectively continued the status quo, having found disputed material issues of fact concerning Son's alleged entitlement to an ownership interest. Thus, the claims of the parties may proceed on the merits toward a final judgment that resolves them.

Parents' appeal is not one "of right" because the trial court's order did not order the delivery of the real property now in possession of Son. Therefore, because

---

1. Appellate Rule 14(B) authorizes this court to hear an interlocutory appeal when the trial court certifies its order as required therein *and* we accept jurisdiction of the appeal. This procedure was not undertaken here.

2. An appealable interlocutory order, pursuant to the appellate authority provided for a "matter involving 'the delivery of the possession of real property,'" was found to exist in *Ray–Ron Corp. v. DMY Realty Co.,* 500 N.E.2d 1163, 1165 (Ind.1986) (quoting former Rules of Appellate Procedure). Therein, the landlord had been granted partial summary judgment when the trial court found that the tenant had breached the lease and the landlord "was therefore entitled to retake possession." *Id.* Our Supreme Court held that the ruling was an appealable interlocutory order under this provision because it effectively constituted an order for the tenant to deliver possession to the landlord.

we lack authority to exercise jurisdiction, we are unable to consider Parents' arguments as to why they believe the trial court erred in not granting them immediate possession on the merits.

Dismissed.

SHARPNACK, J., and BAILEY, J., concur.