**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jul 25 2012, 8:27 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**HEIDI K. KOENEMAN**
Murphy Ice & Koeneman LLP
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| A.K., Father, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 02A04-1112-JP-653 |
| | ) | |
| T.L., Mother, | ) | |
| | ) | |
| Appellee. | ) | |

**APPEAL FROM THE ALLEN SUPERIOR COURT**
The Honorable Thomas L. Ryan, Senior Judge
Cause No. 02D07-0005-JP-134

**July 25, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

A.K. ("Father") appeals the trial court's order which in part denied his petition to modify custody of his child J.K. We find one issue dispositive, which is whether this court has jurisdiction to consider Father's appeal. We dismiss.

The relevant facts follow. On December 14, 1998, J.K. was born to Father and T.L. ("Mother"). On May 26, 2000, Father filed a verified petition to establish paternity, custody, visitation, and support. On June 4, 2002, the court approved the parties' Joint Stipulation Regarding Paternity and Final Agreement.

After multiple filings and hearings, the trial court issued an order on November 8, 2011, which indicated that the following pleadings were pending:

1. [Father's] Verified Petition to Modify Previous Custody Order of the Court and Request for Attorney Fees filed on July 12, 2010;
2. [Father's] Verified Information for Contempt of Court and Motion for Temporary Custody filed on August 17, 2010;
3. [Father's] Verified Uniform Child Custody Affidavit filed on September 8, 2010;
4. [Father's] Verified Motion for Contempt filed on July 13, 2011; and
5. [Mother's] Verified Motion for Contempt filed on July 7, 2011.

Appellant's Appendix at 157. The court's order denied Father's petition to modify custody and request for attorney fees, found that Father's motion for temporary custody was moot, found that Father and Mother were in contempt of court, scheduled a hearing on "Contempt-Sanctions" for April 26, 2012, and ordered the parties to appear at the hearing. Id. at 158. On December 6, 2011, Father filed a notice of appeal.

The dispositive issue is whether this court has jurisdiction to consider Father's appeal. "The authority of the Indiana Supreme Court and Court of Appeals to exercise appellate jurisdiction is generally limited to appeals from final judgments." Ramsey v. Moore, 959 N.E.2d 246, 251 (Ind. 2012) (quoting Allstate Ins. Co. v. Fields, 842 N.E.2d

2

804, 806 (Ind. 2006), reh'g denied). We have the duty to determine whether we have jurisdiction over an appeal before proceeding to determine the rights of the parties on the merits. Allstate Ins. Co. v. Scroghan, 801 N.E.2d 191, 193 (Ind. Ct. App. 2004), trans. denied. Pursuant to Ind. Appellate Rule 5, this court has jurisdiction over appeals from final judgments of trial courts and only those interlocutory orders from trial courts that are brought in accordance with Ind. Appellate Rule 14.

Ind. Appellate Rule 2(H) provides that a judgment is a final judgment if:

(1)     it disposes of all claims as to all parties;

(2)     the trial court in writing expressly determines under Trial Rule 54(B) or Trial Rule 56(C) that there is no just reason for delay and in writing expressly directs the entry of judgment (i) under Trial Rule 54(B) as to fewer than all the claims or parties, or (ii) under Trial Rule 56(C) as to fewer than all the issues, claims or parties;

(3)     it is deemed final under Trial Rule 60(C);

(4)     it is a ruling on either a mandatory or permissive Motion to Correct Error which was timely filed under Trial Rule 59 or Criminal Rule 16; or

(5)     it is otherwise deemed final by law.

Given that the court's order found that Father and Mother were in contempt of court, scheduled a hearing on sanctions, and ordered the parties to appear at the hearing, we cannot say that the order disposed of all claims as to all parties. See State ex rel. Neal v. Hamilton Circuit Court, 248 Ind. 130, 134-135, 224 N.E.2d 55, 58 (1967) ("[T]here is no appealable final judgment in contempt cases until the court has proceeded to attach and punish the defendant for contempt by fine or imprisonment."); Bayless v. Bayless, 580 N.E.2d 962, 964 (Ind. Ct. App. 1991) (noting that "generally there is no appealable final

3

judgment in contempt cases until the court has proceeded to attach and punish the defendant by fine or imprisonment"), reh'g denied, trans. denied. Nor can we say that the order falls into any of the remaining categories set forth in Ind. Appellate Rule 2(H). Father asserts in his notice of appeal that "[t]his is an appeal from final judgment pursuant to Rule 2(H)(5)," but does not point to any authority suggesting that the court's order was "deemed final by law."

Parties are permitted to appeal "as a matter of right" the following interlocutory orders:

(1)     For the payment of money;

(2)     To compel the execution of any document;

(3)     To compel the delivery or assignment of any securities, evidence of debt, documents or things in action;

(4)     For the sale or delivery of the possession of real property;

(5)     Granting or refusing to grant, dissolving, or refusing to dissolve a preliminary injunction;

(6)     Appointing or refusing to appoint a receiver, or revoking or refusing to revoke the appointment of a receiver;

(7)     For a writ of habeas corpus not otherwise authorized to be taken directly to the Supreme Court;

(8)     Transferring or refusing to transfer a case under Trial Rule 75; and

(9)     Issued by an Administrative Agency that by statute is expressly required to be appealed as a mandatory interlocutory appeal.

Ind. Appellate Rule 14(A).  The trial court's order does not fit into any of these categories.  Thus, Father was not entitled to appeal the court's order as a matter of right.

4

Other interlocutory orders may be appealed "if the trial court certifies its order and the Court of Appeals accepts jurisdiction over the appeal," Ind. Appellate Rule 14(B), or if an interlocutory appeal is provided by statute. Ind. Appellate Rule 14(D). There is no indication that Father sought certification from the trial court or permission from this court to file a discretionary interlocutory appeal. Nor has Father demonstrated a statutory right to appeal. Accordingly, we do not have jurisdiction over this appeal, and we must dismiss. See Moser v. Moser, 838 N.E.2d 532, 535-536 (Ind. Ct. App. 2005) (holding that this court did not have jurisdiction and dismissing the appeal because the trial court's order was not a final judgment and was not an interlocutory appeal of right), trans. denied.

For the foregoing reasons, we dismiss Father's appeal of the trial court's order.

Dismissed.

BAKER, J., and KIRSCH, J., concur.