KIRSCH, Judge,
dissenting.
I respectfully dissent.
Here, the trial court properly concluded that A.M. Rentals, Inc. (“Agent”) had a duty under Indiana Code section 25-34.1-10 — 10(a)(3)(C) to disclose to Robert Geller and Judy Geller (collectively, “Owner”) the adverse material facts about the Kinneys’ creditworthiness that were actually known by Agent and that it breached this duty. It then found that although Agent was negligent in failing to perform its statutory duty, it had no liability because there was no evidence that Agent had committed an intentional tort, and, accordingly, Agent had no liability because of the exculpatory clause here at issue. I believe that the trial court erred in placing the burden on Owner to prove that Agent had committed an act that was exculpated by the contract and in interpreting the exculpatory clause to require the commission of an intentional act by Agent to establish liability. I also believe that the clause as interpreted by the trial court vitiates the contract, contravenes Indiana law and is unconscionable.
The exculpatory clause at issue provides: “Agent shall not be liable to Owner for any error in judgment, nor for any good faith act or omission in its performance or attempted performance of any of its duties under this Agreement.” Appellants’ App, at 39-40.
By the terms of the exculpatory clause, Owner releases Agent from liability according to its terms. Thus, the clause is an affirmative defense that Agent must raise and prove. Ind. Trial Rule 8(C). Agent had the burden of proving that its failure to perform its statutory duty to disclose the known adverse material facts or risks to Owner was due to an act or omission that it made in good faith. The trial court erred in shifting the burden to Owner to prove the converse.
The contract here at issue does not define good faith, and the term is inherently ambiguous.[2] One legal commentator has noted that “the term ... lacks a fixed meaning ... because [it] is loose and amorphous.”[3] Another described good faith as “indefinable” noting that it is “an elusive term best left to lawyers and judges to define over a period of time as *401 circumstances require.”[4] And, one court has observed that, “It is impossible to define ‘good faith’ comprehensively and exactly.” Star Credit Corp. v. Molina, 59 Misc.2d 290, 298 N.Y.S.2d 570, 578 (Civ.Ct. Rec.1969).
Good faith requires more than the absence of bad faith. In AquaSource, Inc. v. Wind Dance Farm, Inc., 838 N.E.2d 535, 539 (Ind.Ct.App.2005), we defined good faith effort “as what a reasonable person would determine is a diligent and honest effort under the same set of facts or circumstances.” See also Hamlin v. Steward, 622 N.E.2d 535, 540 (Ind.Ct.App. 1993). Professor Steven J. Burton has written that good faith requires parties to act fairly in order “to protect justifiable expectations arising from their agreement.” [5] Good faith under Article Two of the Uniform Commercial Code on the part of a merchant includes the “observance of reasonable commercial standards of fair dealing in the trade.” Ind.Code § 26-1-2-103(l)(b).
The contract here was drafted by Agent. In accordance with the rules of contract interpretation any ambiguity in the contract will be construed against the party who drafted it. Boswell Grain & Elevator, Inc. v. Kentland Elevator Supply, Inc., 593 N.E.2d 1224, 1227 (Ind.Ct.App.1992). Indiana Code section 25-34.1-10-10 provides that a licensee representing a landlord has the duty to “exercise reasonable care and skill.” Nothing in the contract excused Agent from this duty. Good faith on the part of a licensed real estate agent should include the exercise of reasonable care and skill. Such a construction is “what a reasonable person would determine is a diligent and honest effort under the same set of facts or circumstances.” See AquaSource, 833 N.E.2d at 539. It is also the construction necessary “to protect justifiable expectations arising from their agreement.” See Burton, supra. Finally, it is consistent with the “observance of reasonable commercial standards of fair dealing” in the real estate industry. See Ind.Code § 26-l-2-103(l)(b).
Applying these observations of good faith to the contract here at issue and interpreting the contract against Agent, its drafter, the trial court erred in interpreting the exculpatory clause provision of releasing Agent from liability for any action other than an intentional tort. The question before the trial court should have been whether Agent exercised reasonable care and skill in dealing with the adverse material information that it had about the prospective tenants, and the burden of showing such an exercise was on Agent.
Moreover, I believe that the exclusionary clause as interpreted by the trial court vitiates the duties imposed by the contract and by Indiana law on the part of Agent, contravenes public policy and renders the provision unconscionable. The Indiana General Assembly set out the duties that a licensed agent owes to a seller or landlord at Indiana Code section 25-34.1-10-10. Included in those duties are the duties to
promote the interests of the seller or landlord by
[[Image here]]
(C) disclosing to the seller or landlord adverse material facts or risks actually known by the licensee concerning the real estate transaction;
[[Image here]]
*402 (E) timely accounting for all money and property received [and]
(F) exercising reasonable care and skill....
Here, Agent was a real estate professional licensed and regulated by the State of Indiana. As such, Agent was entitled to the benefits of and subject to the duties imposed by that status. As interpreted by the trial court, the inclusion of exculpatory clause in the form agency agreement enabled Agent to avoid its statutory duties. I believe such an interpretation is unconscionable and contrary to public policy.
Moreover, and as stated above, I believe it is reasonable to interpret the exclusionary clause in a manner that does not contravene public policy or conscionability by interpreting the phrase “good faith act or omissions” to exculpate only acts and omissions that were consistent with Indiana law and reasonable commercial standards in the real estate industry. Such an interpretation, for example, could exculpate the agent from any liability for relaying inaccurate credit reporting information received from a credit reporting agency of the type and character customarily relied upon by real estate professionals.
I would reverse the decision of the trial court and remand with instructions to enter judgment for Owner for all losses incurred as a result of Agent’s failure to perform its statutory duties to disclose to Owner the adverse material facts known to Agent and to exercise reasonable care and skill in this transaction.

. For an excellent discussion of the inherent ambiguity of good faith, see Stankiewicz, James J., Good Faith Obligation in the Uniform Commercial Code: Problems in Determining Its Meaning and Evaluating Its Effect, 7 Val. U. L. Rev 389 (1973). Although Mr. Stankiewicz’s comments were in the context of the Uniform Commercial Code, they apply with equal force here.

. F.K. Juenger, Listening to Law Professors Talk About Good Faith: Some Afterthoughts, 69 Tul. L. Rev. 1253, 1254 (1995).

. PJ. Powers, Defining the Indefinable: Good Faith and the United Nations Convention on the International Sale of Goods, 18 J.L. & Com. 333, 333 (1999).

. Steven J. Burton, Principles of Contract Law, (2d ed. West Group, 2001) at 444-45.