BROWN, Judge,
dissenting.
I respectfully dissent from the majority's conclusion that the order is a final judgment. "The authority of the Indiana Supreme Court and Court of Appeals to exercise appellate jurisdiction is generally limited to appeals from final judgments." Ramsey v. Moore, 959 N.E.2d 246, 251 (Ind.2012) (quoting Allstate Ins. Co. v. Fields, 842 N.E.2d 804, 806 (Ind.2006), reh'g denied ). We have the duty to determine whether we have jurisdiction over an appeal before proceeding to determine the rights of the parties on the merits. Allstate Ins. Co. v. Scrogham, 801 N.E.2d 191, 198 (Ind.Ct.App.2004), trans. denied. Pursuant to Ind. Appellate Rule 5, this court has jurisdiction over appeals from final judgments of trial courts and only those interlocutory orders from trial courts that are brought in accordance with Ind. Appellate Rule 14.
Ind. Appellate Rule 2(H) provides that a judgment is a final judgment if:
(1) it disposes of all claims as to all parties;
(2) the trial court in writing expressly determines under Trial Rule 54(B) or Trial Rule 56(C) that there is no just reason for delay and in writing expressly directs the entry of judgment (i) under Trial Rule 54(B) as to fewer than all the claims or parties, *1033 or (i) under Trial Rule 56(C) as to fewer than all the issues, claims or parties;
(3) it is deemed final under Trial Rule 60(C);
(4) it is a ruling on either a mandatory or permissive Motion to Correct Error which was timely filed under Trial Rule 59 or Criminal Rule 16; or
(5) it is otherwise deemed final by law.
The trial court's order contains several paragraphs in its conclusions of law that indicate that the order is not a final judgment, specifically:
6. In light of the unusual cireum-stances in this case, it is in [C.A.'s] best interests that the Court's order giving Mother "primary physical possession" on a temporary basis be extended to no later than March 31, 2013, so that Mother has a reasonable opportunity to return to Indiana and obtain employment here. Until such time as Mother returns her residence to Indiana or March 31, 2013, which ever first occurs, Mother shall have primary physical possession of [C.A.] and Father shall have liberal parenting time....
[[Image here]]
8. The Court's temporary award of primary physical possession to Mother shall become a final order without the need for further hearing if Mother restores her residence in Tippecanoe County on or before March 31, 2018. In accordance with Indiana law, however, a final order remains subject to the Court's continuing jurisdiction. In the event the order becomes final, Father shall have liberal parenting time with [C.A.], which shall consist of two days a week from after preschool/school with an overnight and every other weekend. Weekend parenting time shall include any connected days off from school not covered by the IPTG provisions, including but not limited to fall break, President's Day, Martin Luther King Day, and mid-semester break. Mother's alternating weekends shall be similarly extended. The IPTG will govern holiday, special days, summer parenting time, and the parties' general obligations, unless otherwise agreed by the parties.
[[Image here]]
12. Father shall continue to pay support at the same rate as he has paid immediately prior to the hearing on November 29, 2012. The Court will hold the issues of support modification and related matters until Mother determines where to reside. Counsel are requested to advise the Court as circumstances require.
Appellant's Appendix at 75-76 (emphases added).
While the majority concludes that "absent appeal, the order resolves all custody and parenting time issues unless and until one of the parties files a subsequent motion to modify eustody and/or parenting time," supra at 1028, the order indicates that a final determination is dependent on where Mother resides. Based upon the language in the order, I would find that it did not dispose of all claims as to all parties and did not constitute a final judgment. See Georgos v. Jackson, 790 N.E.2d 448, 451 (Ind.2003) (holding that a final judgment disposes of all issues as to all parties thereby ending the particular case and that it leaves nothing for future determination); R.W.M. v. A.W.M., 926 N.E.2d 538, 542 (Ind.Ct.App.2010) (holding that the trial court's judgment resolved child custody and support but was not a final appealable judgment from all of the consolidated pending cases as it left one or more issues unresolved). I also cannot say that the order falls into any of the remain *1034 ing categories set forth in Ind. Appellate Rule 2(H).[4]
Parties are permitted to appeal "as a matter of right" the following interlocutory orders:
(1) For the payment of money;
(2) To compel the execution of any document;
(8) To compel the delivery or assignment of any securities, evidence of debt, documents or things in action;
(4) For the sale or delivery of the possession of real property;
(5) Granting or refusing to grant, dissolving, or refusing to dissolve a preliminary injunction;
(6) Appointing or refusing to appoint a receiver, or revoking or refusing to revoke the appointment of a receiver;
(7) For a writ of habeas corpus not otherwise authorized to be taken directly to the Supreme Court;
(8) Transferring or refusing to transfer a case under Trial Rule 75; and
(9) Issued by an Administrative Agency that by statute is expressly required to be appealed as a mandatory interlocutory appeal.
Ind. Appellate Rule 14(A). The trial court's order does not fit into any of these categories. Thus, Mother was not entitled to appeal the court's order as a matter of right.
Other interlocutory orders may be appealed "if the trial court certifies its order and the Court of Appeals accepts jurisdiction over the appeal," Ind. Appellate Rule 14(B), or if an interlocutory appeal is provided by statute. Ind. Appellate Rule 14(D). There is no indication that Mother sought certification from the trial court or permission from this court to file a discretionary interlocutory appeal. Nor has Mother demonstrated a statutory right to appeal. Accordingly, I would find that we do not have jurisdiction over this appeal and dismiss. See Moser v. Moser, 838 N.E.2d 532, 535-536 (Ind.Ct.App.2005) (holding that this court did not have jurisdiction and dismissing the appeal because the trial court's order was not a final judgment and was not an interlocutory appeal of right), trans. denied.

. Mother's notice of appeal indicates that she was appealing from a final judgment. Specifically, Mother's notice of appeal checked the box corresponding to an "[alppeal from a Final Judgment, as defined by Appellate Rule 2(H) and 9(I)." Ind. Appellate Rule 9(I) addresses appeals from administrative agencies and is not applicable.