## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 01 2019, 8:52 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANTS

Kevin W. Marshall
Hobart, Indiana

ATTORNEYS FOR APPELLEE

Mark S.N. Chargualaf
Rodriguez, Chargualaf &
Associates
Merrillville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Cheryl A. Pratt, Thomas Nevitt, and Kimberly J. Traxler,

*Appellants-Defendants,*

v.

Cynthia A. Gembala,

*Appellee-Plaintiff.*

November 1, 2019

Court of Appeals Case No. 19A-CT-1631

Appeal from the Porter Superior Court

The Honorable Jeffrey W. Clymer, Judge

Trial Court Cause No. 64D02-1710-CT-9685

**Najam, Judge.**

## Statement of the Case

[1] Cheryl Pratt appeals the trial court's denial of her motion for summary judgment on her counterclaim to quiet title against Cynthia Gembala. Pratt

presents two issues for our review.[1]  However, because we lack jurisdiction over this discretionary interlocutory appeal, we do not reach the merits of her appeal.  Accordingly, we dismiss.

## Facts and Procedural History

On October 13, 2017, Gembala filed a complaint alleging fraud and other claims and seeking "immediate possession" of real property in Porter County. Appellants' App. Vol. 2 at 19.  Pratt filed a counterclaim and sought to quiet title on the real property.  On April 30, 2019, Pratt moved for summary judgment.  The trial court denied Pratt's motion.  This appeal ensued.

## Discussion and Decision

"'It is the duty of this Court to determine whether we have jurisdiction before proceeding to determine the rights of the parties on the merits.'"  *DuSablon v. Jackson County Bank*, ___ N.E.3d ___, No. 18A-MI-2259, 2019 WL 4582946, at *5 (Ind. Ct. App. Sept. 23, 2019) (quoting *Allstate Ins. Co. v. Scroghan*, 801 N.E.2d 191, 193 (Ind. Ct. App. 2004), *trans. denied*).  Jurisdiction is a question of law we review *de novo.  Id.*  An appeal from an interlocutory order is not allowed unless specific authority is granted by the Indiana Constitution, statutes, or the rules of court.  *Moser v. Moser*, 838 N.E.2d 532, 534 (Ind. Ct. App. 2005), *trans. denied*.  Moreover, any such express authorization for an

---

[1] Thomas Nevitt and Kimberly Traxler, named defendants below, do not participate in this appeal.

interlocutory appeal is "strictly construed." *Id.* (quoting *Schwedland v. Bachman*, 512 N.E.2d 445, 449 (Ind. Ct. App. 1987)).

[4]     On October 11, 2019, we issued an Order to Show Cause why this appeal should not be dismissed for lack of jurisdiction. In his response, Pratt avers that he is appealing from an interlocutory appeal as a matter of right under Indiana Appellate Rule 14(A)(4), which provides that an appeal from an interlocutory order "[f]or the sale or delivery of the possession of real property" may be taken as a matter of right. However, the trial court did not order the sale or delivery of the possession of real property in the order from which Pratt appeals. Rather, the trial court denied Pratt's summary judgment motion seeking to quiet title in real property. Accordingly, "the trial court's order effectively continued the status quo, having found disputed material issues of fact" precluding summary judgment on Pratt's counterclaim. *See Moser*, 838 N.E.2d at 535.

[5]     In sum, Pratt's interlocutory appeal cannot be taken as a matter of right because the trial court's order did not order the sale or delivery of the possession of real property. And Pratt did not seek certification of this discretionary interlocutory appeal. This Court is, therefore, without subject matter jurisdiction to consider the merits of Pratt's appeal. *See id.* (dismissing appeal from denial of summary judgment motion seeking immediate possession of real property for lack of jurisdiction).

[6]     Dismissed.

Bailey, J., and May, J., concur.