

IN THE

# Court of Appeals of Indiana



FILED
Mar 25 2025, 9:12 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

Robin Marsh,

*Appellant-Defendant*

v.

Nathan Marsh,

*Appellee-Plaintiff*

---

March 25, 2025

Court of Appeals Case No.
24A-PL-1216

Appeal from the Madison Circuit Court

The Honorable William Byer, Jr., Judge Pro Tempore

Trial Court Cause No.
48C06-2402-PL-23

---

**Opinion by Judge Weissmann**
Judges Pyle and Felix concur.

**Weissmann, Judge.**

[1] Nathan Marsh was leasing farmland (the "Land") and preparing for the 2024 crop season when his uncle, Robin Marsh, inherited the Land and began preparing to farm it as well. In the ensuing lawsuit, the trial court enjoined Robin from interfering with Nathan's right to farm the Land under the lease. The court, however, reserved until later its decision on whether Nathan should reimburse Robin for certain farming preparation expenses that Robin incurred.

[2] The 2024 crop season is now over. But Robin appeals the injunction, arguing that he is entitled to damages for the wrongful deprivation of his farming rights as owner of the Land. We find the injunction was neither a final judgment nor an interlocutory order appealable as a matter of right. Accordingly, we dismiss Robin's appeal without prejudice due to a lack of subject matter jurisdiction.

## Facts

[3] This intergenerational farming dispute involves Nathan Marsh; his father, Steven Marsh; his paternal uncle, Robin Marsh; and his paternal grandmother, Virginia Marsh. As of 2014, Virginia held a life estate in the Land, and Robin and Steven held the remainder interest as future tenants in common. Nathan had no rights in the Land until 2016, when he began farming it under a series of leases with Virginia.

[4] In August 2022, Nathan signed a lease to farm the Land for the 2023 crop season. The lease had an expiration date of September 1, 2023, but unless Virginia provided Nathan with advance notice of the lease's termination, it

automatically renewed for another year. Pursuant to Indiana Code § 32-31-1-3, such notice would have been due no later than June 1, 2023.

[5] Virginia died in July 2023 without ever terminating Nathan's lease of the Land. Upon Virginia's death, Robin and Steven became the Land's owners as tenants in common. And in September 2023, Nathan advised Steven and Robin that his lease had automatically renewed for the 2024 crop season. Steven agreed, but Robin did not. According to Robin, the lease terminated as a matter of law when Virgina's life estate ended.

[6] The parties negotiated the matter throughout the fall of 2023. Meanwhile, Nathan harvested his 2023 crops and started preparing to farm the Land for the 2024 crop season. This included purchasing seed and tilling the soil. In February 2024, Robin also began preparing to farm the Land by purchasing fertilizer and tilling the soil. Nathan therefore sued Robin for declaratory and injunctive relief. Nathan specifically sought a declaration that his lease of the Land had automatically renewed and was valid for the 2024 crop season. Nathan also sought preliminary and permanent injunctions prohibiting Robin from interfering with Nathan's farming rights under the lease. Robin counterclaimed for the opposite relief.

[7] With the parties' consent under Indiana Trial Rule 65(A)(2), the trial court consolidated the hearing on their preliminary injunction claims with a trial on the merits of their other claims, including those for permanent injunctions.

After a bench trial, the court entered an "Order on Preliminary Injunction" in Nathan's favor. The Order stated, in pertinent part:

1. The Court GRANTS Nathan Marsh's Motion for Preliminary Injunction.

2. Notice of termination of farmland lease was not timely effectuated by Robin Marsh prior to the three (3) month period (I.C. 32-31-1-3).

3. Plaintiff Nathan Marsh's farmland lease was renewed under Indiana law for the additional 2024 crop growing season and shall terminate upon 2024 crop removal.

4. All parties are enjoined from interference with Nathan Marsh's 2024 farming lease.

5. Robin Marsh elected to make expenditures for the 2024 crop, after the 2023 harvest while parties were negotiating the farmland lease issue.

6. Asserted expenditures were purchase of seed, chemicals, fertilizer, and titling.

7. Subject to Court approval, reasonable expenses incurred by Robin, towards the 2024 crop, limited to fertilizer and tilling will be considered.

8. Those specific expenses would be a direct benefit to the 2024 crop, and payable within 30 days of crop removal by Nathan Marsh.

9. The Court makes no ruling as to additional disputes between co-tenants Robin Marsh and Steven Marsh.

10. PURSUANT TO Trial Rule 65(A)(2), all parties agreed to consolidate the preliminary injunction hearing with trial on the merits. JUDGMENT.

App. Vol. II, pp. 150-51.

[8] Robin appealed the trial court's Order as a final judgment, but the case was not fully briefed until the end of October 2024. Thus, it did not arrive at this Court for decision until after the 2024 crop season. We then ordered supplemental briefing on two issues: (1) whether the Order was indeed a final judgment, such that this Court has subject matter jurisdiction over Robin's appeal; and (2) whether the appeal is moot now that the 2024 crop season is over.

[9] In their supplemental briefs, the parties agreed that this Court has subject matter jurisdiction over Robin's appeal, but they did not agree on the mootness issue. Having reviewed the matter in full, we conclude this Court lacks subject matter jurisdiction. We therefore dismiss Robin's appeal without prejudice.

## Discussion and Decision

[10] "Subject matter jurisdiction refers to a court's constitutional or statutory power to hear and adjudicate a certain type of case." *D.P. v. State*, 151 N.E.3d 1210, 1213 (Ind. 2020). "It cannot be waived or conferred by agreement, and its absence can be raised at any time." *T.W. v. Ind. Dep't of Child Servs.*, 246 N.E.3d 826, 830 (Ind. Ct. App. 2024), *trans. denied*. "If the parties do not question the lack of subject matter jurisdiction, the trial court or Court of Appeals is required to consider the issue sua sponte." *Id.*

[11] With few exceptions, this Court has mandatory subject matter jurisdiction over appeals from a trial court's "final judgments" as well as certain "interlocutory

orders" for which the Indiana Appellate Rules authorize appeals "as matter of right." Ind. Appellate Rules 5(A)-(B), 14(A).[1] In Robin's case, the trial court's Order is neither a final judgment nor an interlocutory order that is appealable as a matter of right. This Court therefore lacks subject matter jurisdiction.

## I.   The Trial Court's Order Is Not a Final Judgment

[12]   Under Indiana Appellate Rule 2(H), a trial court's order is deemed a "final judgment" if:

> (1) it disposes of all claims as to all parties;
>
> (2) the trial court in writing expressly determines under Trial Rule 54(B) or Trial Rule 56(C) that there is no just reason for delay and in writing expressly directs the entry of judgment (i) under Trial Rule 54(B) as to fewer than all the claims or parties, or (ii) under Trial Rule 56(C) as to fewer than all the issues, claims or parties;
>
> (3) it is deemed final under Trial Rule 60(C);
>
> (4) it is a ruling on either a mandatory or permissive Motion to Correct Error which was timely filed under Trial Rule 59 or Criminal Rule 16; or
>
> (5) it is otherwise deemed final by law.

---

[1] We also have discretion to accept subject matter jurisdiction over appeals from interlocutory orders that a trial court has certified for interlocutory appeal. Ind. Appellate Rules 5(B), 14(B). This, however, is not one of those cases.

This case does not implicate subsections (2) through (5) of Appellate Rule 2(H). Thus, we are left with only subsection (1).

[13]     Robin alone argues that the trial court's Order is a final judgment under Appellate Rule 2(H)(1), claiming it "dispose[d] of all claims as to all parties." We disagree. The court explicitly reserved until later its decision on whether Nathan should reimburse Robin for certain farming preparation expenses that Robin incurred. Specifically, the Order stated: "Subject to Court approval, reasonable expenses incurred by Robin, towards the 2024 crop, limited to fertilizer and tilling will be considered." App. Vol. II, pp. 150. This language shows that there remains an issue for future disposition, and Robin does not contend otherwise.

[14]     Because the trial court's Order was not a final judgment, this Court does not have subject matter jurisdiction over Robin's appeal under Appellate Rule 5(A).

## II.     The Trial Court's Interlocutory Order Is Not Appealable as a Matter of Right

[15]     "Judgments or orders as to less than all of the issues, claims, or parties remain interlocutory until expressly certified as final by the trial judge" under Trial Rule 54(B). *Martin v. Amoco Oil Co.*, 696 N.E.2d 383, 385 (Ind. 1998) (quoting *Berry v. Huffman*, 643 N.E.2d 327, 329 (Ind. 1994)). But under Indiana Appellate Rule 14(A), an interlocutory order may be appealed "as a matter of right" if the order is one:

> (1) For the payment of money;

(2) To compel the execution of any document;

(3) To compel the delivery or assignment of any securities, evidence of debt, documents or things in action;

(4) For the sale or delivery of the possession of real property;

(5) Granting or refusing to grant, dissolving, or refusing to dissolve a preliminary injunction;

(6) Appointing or refusing to appoint a receiver, or revoking or refusing to revoke the appointment of a receiver;

(7) For a writ of habeas corpus not otherwise authorized to be taken directly to the Supreme Court;

(8) Transferring or refusing to transfer a case under Trial Rule 75; [or]

(9) Issued by an Administrative Agency that by statute is expressly required to be appealed as a mandatory interlocutory appeal.

This case does not implicate subsections (1) through (3) or (6) though (9) of Appellate Rule 14(A). But Robin and Nathan claim subsections (4) and (5) apply. We disagree.

## A. Subsection (4) Does Not Apply

[16] Robin and Nathan argue that the trial court's Order was appealable as a matter of right under Appellate Rule 14(A)(4) simply because it concerned Nathan's "possession" of the Land. Appellant's Suppl. Br., p. 5; Appellee's Suppl. Br., p. 5. Neither party explains how the Order was for "delivery" of that possession, as required by the rule, and we find that element lacking. App. R. 14(A)(4).

[17] The record reveals that Nathan possessed the Land at all relevant times. It is undisputed that he leased and farmed the Land during the 2023 crop season, and, as the trial court found, his lease automatically renewed for another year. Nathan then harvested his 2023 crops and started preparing to farm the Land for the 2024 crop season, in part, by tilling its soil. This lawsuit was filed in February 2024, after Robin started preparing to farm the Land as well. And the trial court's Order merely stated, in pertinent part: "[Robin is] enjoined from interference with Nathan Marsh's 2024 farming lease." App. Vol. II, p. 150.

[18] To the extent the Order concerned possession of the Land, it allowed Nathan to retain possession for farming purposes while denying that right to Robin. We addressed a similar situation in *Moser v. Moser*, 838 N.E.2d 532 (Ind. Ct. App. 2005). There, a son who had lived on and farmed his parents' land for more than fifteen years sued his parents for an ownership interest in the land under the doctrine of promissory estoppel. *Id.* at 533. The parents filed a counterclaim against the son for possession of the land and past due rent, and they eventually moved for "summary judgment" on their possession claim.[2] *Id.*

[19] The trial court denied the parents' motion, and they appealed the interlocutory order as one for the "delivery of the possession of real property" under Appellate Rule 14(A)(4). *Id.* at 534. This Court ultimately dismissed the

---

[2] This Court described the parents' motion generally as one "asking the trial court to grant them immediate possession of the real property." *Moser*, 838 N.E.2d at 533. But the trial court found the motion's proceeding to be "analogous to a summary judgment proceeding." *Id.* at 534.

parents' appeal for lack of subject matter jurisdiction, concluding Rule 14(A)(4) "does not apply when the order is one *denying* a party's prayer for the delivery of immediate possession of real property." *Id.* at 535 (emphasis in original). The Court further explained:

> It is undisputed that Son is currently in possession of the real property, and the trial court order allows him to remain. If Parents had prevailed on their motion, and the trial court had ordered Son to deliver immediate possession of the real property to Parents, that would have been an interlocutory order "for the delivery of the possession of real property."
>
> [T]he trial court's order effectively continued the status quo, having found disputed material issues of fact concerning Son's alleged entitlement to an ownership interest. Thus, the claims of the parties may proceed on the merits toward a final judgment that resolves them.

*Id.* (internal ellipses and citation omitted).

[20] Here, as in *Moser*, the trial court's Order does not fall within the scope of Appellate Rule 14(A)(4) because it did not concern the "delivery of the possession of real property." Rather, the Order preserved the status quo as to Nathan's possession of the Land and denied Robin the right to possess the Land for farming purposes for the 2024 crop season.

## B. Subsection (5) Does Not Apply

[21] Robin and Nathan also argue that the trial court's Order was appealable as a matter of right under Appellate Rule 14(A)(5), highlighting that it expressly "grant[ed] Nathan Marsh's Motion for Preliminary Injunction." App. Vol. II,

p. 150 (all caps omitted). The rule indeed authorizes interlocutory appeals as a matter of right from orders "[g]ranting . . . a preliminary injunction." App. R. 14(A)(5). But in this case, "all parties agreed to consolidate the preliminary injunction hearing with trial on the merits" under Trial Rule 65(A)(2). App. Vol. II, p. 151. This consolidation transformed what might have been a preliminary injunction into permanent injunctive relief, thereby removing the trial court's Order from the scope of Appellate 14(A)(5). *See DuSablon v. Jackson Cnty. Bank*, 132 N.E.3d 69, 75 (Ind. Ct. App. 2019) (stating, "a preliminary injunction no longer exists" once it is "converted . . . into a permanent injunction, and "Rule 14(A)(5) does not speak to permanent injunctions").

[22] Because the trial court's interlocutory Order was not appealable as a matter of right, this Court does not have subject matter jurisdiction over Robin's appeal under Appellate Rule 5(B).

## Conclusion

[23] For these reasons, we conclude this Court lacks subject matter jurisdiction over Robin's appeal. "When there is a lack of subject matter jurisdiction, the court is without jurisdiction to do anything in the case except to enter an order of dismissal." *Ind. Fam. & Soc. Servs. Admin. v. Legacy Healthcare, Inc.*, 756 N.E.2d 567, 572 (Ind. Ct. App. 2001). We therefore dismiss Robin's appeal without prejudice.

Pyle, J., and Felix, J., concur.

ATTORNEYS FOR APPELLANT

Lynne H. Lawyer
Edward N. Wolenty
Decker, Lawyer & Maynard
Anderson, Indiana


ATTORNEY FOR APPELLEE

Brianna Schroeder
Janzen Schroeder Agricultural Law LLC
Indianapolis, Indiana