**In the Matter of Richard W. REED.**

**No. 985S374.**

Supreme Court of Indiana.

Dec. 9, 1986.

Wayne J. Lennington, Jeffrey L. Arnold, Muncie, for respondent.

Sheldon A. Breskow, Executive Secretary, William G. Hussmann, Jr., Staff

Atty., Indianapolis, for the Indiana Supreme Court Disciplinary Com'n.

## DISCIPLINARY ACTION

DICKSON, Justice.

Respondent Richard W. Reed, an attorney admitted to the Bar of this Court, has been charged under a complaint alleging that by accepting and continuing private employment in matters involving child support and custody at times during which he was a duly appointed deputy prosecuting attorney, the respondent has violated certain disciplinary rules of the *Code of Professional Responsibility for Attorneys at Law.*

The Disciplinary Commission and the respondent have submitted their joint statement of circumstances and conditional agreement for our review.

In considering this matter, we observe the need to revise and clarify the application of the professional responsibility rules[1], in order to enhance the effective and economical administration of justice.

Various statutory duties have been imposed wherein the prosecutor, as part of his official function, would undertake to represent a person in a divorce or dissolution matter. Indiana statutes dating back to 1873 and continued in force until 1971 required the county prosecutor to appear and "resist and defend" against petitions for divorce where an appearance has not otherwise been entered for the defendant.[2] Notwithstanding the elimination of this duty, the office of prosecuting attorney remains empowered to act in various matters relating to dissolution and support including, for example, reciprocal enforcement of support, Ind.Code § 31–2–1–1 *et seq.;* offenses against the family, Ind.Code §§ 35–46–1–1 *et seq;* interstate compact of juveniles, Ind.Code § 31–6–10–1 *et seq;* and, child in need of services proceedings,

Ind.Code § 31–6–4–10 *et seq.* It is thus apparent that an attorney charged with the public prosecutorial function cannot serve as private counsel to a party in a dissolution or related matter without substantial potential for offending the proscription against engaging in conduct prejudicial to the administration of justice, and possibly other standards of professional responsibility.

We recognize, however, that it is not uncommon for part-time deputy prosecutors to be employed for limited functions excluding matters related to marriage dissolution. The use of such part-time deputy prosecutors can be advantageous. Without unreasonably burdensome salary expenditures, experienced local attorneys can be attracted to assist in the prosecution of various criminal matters, while still being permitted to continue in their private law practices, excluding criminal defense cases.

Where the employment of such part-time deputy prosecutors is predicated upon a prior, express written limitation of responsibility to exclude dissolution-related matters, we can find no reasonable purpose for perpetuating the prohibition against involvement in dissolution cases in their private law practice.

We are unable to determine from the Statement of Circumstances and Conditional Agreement whether, at the time of his private law practice in dissolution-related matters, the respondent's authority as a part-time deputy prosecutor was expressly limited to exclude dissolution-related matters. Absent this information, we decline to approve the Statement of Circumstances and Conditional Agreement submitted on behalf of the respondent and the Disciplinary Commission.

DeBRULER and SHEPARD, JJ., concur.

---

1. The rationale underlying this opinion would apply also to the professional standards embodied in the Model Rules of Professional Conduct recently adopted by this Court.

2. Ind.Code §§ 31–1–12–20, enacted Acts of 1873, Ch. 43, § 26, p. 107, repealed by Acts of 1971, Public Law 417, § 1; Ind.Code §§ 1213–1215 enacted by Acts of 1913, Ch. 64, §§ 1–3, p. 151, repealed by Acts of 1971, Public Law 418, § 1.

GIVAN, C.J., concurring in result with separate opinion in which PIVARNIK, J., concurs.

GIVAN, Chief Justice, concurring in result.

I agree with the majority opinion; however, I disagree with the practice of using an opinion to change the rules of Indiana practice. It is not that I disapprove of what the opinion attempts to do.

I think attorneys should be entitled to turn to the rule book and get a succinct statement as to what the rule of procedure is in a given instance. I feel it is a hardship on the Bar to have to search through the advance sheets to ascertain what changes in the rules might have been brought about by a recent opinion. If we were to adopt a general policy of rule changing in this manner, it would be a relatively short period of time until somebody would have to write a book to gather the various cases changing the rules in order for the Bar to have an understanding of the procedures of Indiana.

PIVARNIK, J., concurs.