In the Matter of the LIQUIDATION OF UNITED SAVINGS AND LOAN ASSOCIATION OF GARY, Indiana.

No. 37A03–8806–CV–188.

Court of Appeals of Indiana, Third District.

Aug. 7, 1989.

Rehearing Denied Oct. 6, 1989.

Douglas M. Grimes, Gary, for appellant.

Linley E. Pearson, Atty. Gen., Samuel L. Bolinger, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

Appellant United States Savings and Loan Association of Gary brings a consolidated appeal from a liquidation proceeding. On February 11, 1988, the Indiana Department of Financial Institutions (D.F.I.) found that the United Savings and Loan (U.S.L.) was in an unsafe and unsound condition and in imminent danger of insolvency. The D.F.I. ordered the seizure and liquidation of U.S.L. On February 12, 1988, the D.F.I. filed a liquidation order in Lake Circuit Court. On that date the Lake Circuit Court stayed the D.F.I.'s liquidation order pending judicial review.

On February 16, 1988, the Lake Circuit Court granted D.F.I.'s motion to change venue from the county. On March 8, 1988, the Lake Circuit Court venued the case to Jasper Circuit Court.

On March 10, 1988, the Jasper Circuit Court assumed immediate and full jurisdiction, confirmed and appointed the D.F.I. as receiver, froze U.S.L.'s financial accounts and ordered the D.F.I. to take possession of all documents, fixtures and certificates of deposit belonging to U.S.L.

On July 13, 1988, the Jasper Circuit Court dismissed U.S.L.'s petition for judicial review.

U.S.L. raises the following issues:

(1) whether the Jasper Circuit Court lacked jurisdiction; and

(2) whether the Jasper Circuit Court erred in dismissing the petition for judicial review.

U.S.L. contends that the Jasper Circuit Court lacked subject-matter jurisdiction to hear the liquidation proceeding. IND.CODE § 28–1–3.1–4 (1988 Ed.) reads in part:

"(a) Immediately upon the taking possession of the business and property of any financial institution under section 2 of this chapter, the department shall give notice by:

\*   \*   \*   \*   \*   \*

(3) filing the notice in the office of the circuit court in the county where the principal office of the financial institution is located."

U.S.L. maintains that the Jasper Circuit Court does not have subject-matter jurisdiction because it is not the county where the principal office of the financial institution is located.

On February 12, 1988, the D.F.I. filed notice in Lake Circuit Court, the county where the principal office of the financial institution is located. On February 16, 1988, the Lake Circuit Court granted D.F. I.'s motion for change of venue. Nothing in the liquidation statute confers exclusive jurisdiction to or prohibits change of venue from the county where the principal office of the financial institution is located.

U.S.L. asserts that the Jasper Circuit Court did not have jurisdiction over the particular case. U.S.L. claims that the D.F.I. failed to comply with Ind.Rules of Procedure, Trial Rule 78 which states:

"Whenever a court has granted an order for a change of venue to another county and the costs thereof have been paid where an obligation exists to pay such costs for such change, either party to the cause may file a certified copy of the order making such change in the court to which such change has been made, and thereupon such court shall have full jurisdiction of said cause, regardless of the fact that the transcript and papers have not yet been filed with such court to which such change is taken...."

On February 15, 1988, D.F.I. filed for change of venue from Lake Circuit Court. On February 16, 1988, the Lake Circuit Court granted the change of venue. On March 8, 1988, the Lake Circuit Court venued to Jasper Circuit Court and ordered that the record be forwarded to the Jasper Circuit Court. On March 10, 1988, the Jasper Circuit Court assumed immediate and full jurisdiction. The change of venue complied with T.R. 78 and gave the Jasper Circuit Court jurisdiction as the receivership court on March 10, 1988.

■ U.S.L. asserts that the Jasper Circuit Court lacked jurisdiction to confirm and appoint the D.F.I. as receiver, freeze financial accounts and take possession of all U.S.L.'s financial accounts. IND.CODE § 28–1–3.1–4 and 28–1–3.1–5 (1988 Ed.) authorizes a receivership court to act in a liquidation proceeding:

"(c) The receivership court may hear and determine all issues and matters pertaining to or connected with the liquidation of the financial institution...."

IND.CODE § 28–1–3.1–4.

"(b) Upon appointment as receiver, title to all assets of the financial institution vest in the receiver without the execution of any instruments of conveyance, assignment, transfer, or endorsement. If no other receiver is appointed as provided in this chapter, the department shall act as receiver and has all of the powers and duties of a receiver as provided in this chapter.

(c) Except as otherwise provided, the sole and exclusive right to liquidate and terminate the affairs of any financial institution is vested in the receiver appointed under this section, and no other receiver, assignee, trustee, or liquidating agent shall be appointed by any court or any other person."

IND.CODE § 28–1–3.1–5.

U.S.L. maintains that the Jasper Circuit Court erred by vacating the Lake Circuit Court's February 12, 1988 stay order without notice. IND.CODE § 28–1–3.1–5(a) (1988 Ed.) reads in part:

"The receivership court shall approve the department's application if it finds that

to do so would be in the public interest. The application may be acted on by the receivership court without any notice except that provided in section 4 of this chapter...."

The D.F.I. provided the notice required by IND.CODE 28–1–3.1–4(a):

"[T]he department shall give notice by:
(1) posting the notice at the main entrance of the principal office of the financial institution;
(2) causing the notice to be served upon the president or other executive officer actively in charge of the business of the financial institution; and
(3) filing the notice in the office of the circuit court in the county where the principal office of the financial institution is located."

The Jasper Circuit Court as the receivership court by change of venue had the authority to act on the liquidation application without any further notice.

■ U.S.L. maintains that the Jasper Circuit Court lacked jurisdiction because liquidation proceedings do not constitute a civil action. In all civil actions, venue from the county may be changed. T.R. 76.

T.R. 2(A) provides there shall be one form of action known as "civil action." IND.CODE § 28–1–3.1–4 (1988 Ed.) states:

"(b) Upon the filing of the notice under subsection (a), the clerk shall:

*   *   *   *   *   *

(2) enter the cause as a civil action...."

Liquidation proceedings are civil actions subject to change of venue from the county.

U.S.L. argues that the Jasper Circuit Court lacked jurisdiction because the Lake Circuit Court did not grant U.S.L.'s motion to strike change of venue. On February 16, 1988, the Lake Circuit Court granted change of venue from the county. On February 26, 1988, U.S.L. filed a motion to strike change of venue from the county. The change of venue striking process had begun by February 26, 1988. The Lake Circuit Court did not err in refusing to grant U.S.L.'s motion to strike when the

Lake Circuit Court properly granted change of venue ten days earlier.

U.S.L. contends that the Jasper Circuit Court erred by not transferring venue to Lake County or Marion County. On March 17, 1988, U.S.L. filed for change of venue from Jasper County. On April 4, 1988, U.S.L. moved that Lake and Marion be named counties for change of venue purposes. On April 4, 1988, the Jasper Circuit Court denied U.S.L.'s motion.

U.S.L. argues that IND.CODE § 4–21.5–5–6 (1988 Ed.) requires that Lake County or Marion County has venue for judicial review of D.F.I.'s administrative actions. IND.CODE § 4–21.5–5–6 reads in part:

"(a) Venue is in the judicial district where:

(1) the petitioner resides or maintains a principal place of business;

(2) the agency action is to be carried out or enforced; or

(3) the principal office of the agency taking the agency action is located.

\* \* \* \* \* \*

(c) The rules of procedure governing civil actions in the courts govern pleadings and requests under this chapter for a change of judge or change of venue to another judicial district described in subsection (a)."

On February 12, 1988, U.S.L. filed for judicial review of D.F.I.'s liquidation order. On March 8, 1988, the Lake Circuit Court transferred venue of the cause, which included the petition for review and the liquidation order, to the Jasper Circuit Court. U.S.L. asserts that the Jasper Circuit Court erred by failing to name Lake and Marion as counties for change of venue purposes.

■ Ind.Rules of Procedure, Trial Rule 75(E) provides that an order transferring or refusing to transfer venue shall be an interlocutory order appealable pursuant to Ind.Rules of Procedure, Appellate Rule 4(B)(5). An attempt to appeal an interlocutory order as if it were a final judgment will result in waiver of the issue. *Bowyer v. Vollmar* (1987), Ind.App., 505 N.E.2d 162, 166. U.L.S. waived the right to raise this issue by failing to take an interlocutory appeal.

U.S.L. contends that the Jasper Circuit Court erred in dismissing the petition for judicial review of D.F.I.'s administrative actions.

■ The Administrative Adjudication Act is applicable to review actions by the Department of Financial Institutions. *Dept. of Financial Inst. v. State Bank of Lizton* (1969), 253 Ind. 172, 174, 252 N.E.2d 248, 250. Determinations of insolvency and liquidation orders are not agency actions exempted from the application of the Administrative Adjudication Act. IND. CODE § 4–21.5–2–5 (1988 Ed.). D.F.I.'s liquidation actions are subject to the judicial review required by the Administrative Adjudication Act.

On February 12, 1988, U.S.L. filed for judicial review of D.F.I.'s liquidation order. On March 1, 1988, U.S.L. sent a written request to the deputy attorney general to prepare and deliver the agency record. U.S.L. did not send such a request to the D.F.I. On March 2, 1988, U.S.L. filed a motion for extension of time to file the agency record in Lake Circuit Court. On March 8, 1988, the case was venued to Jasper Circuit Court. Neither the Lake Circuit Court nor the Jasper Circuit Court ruled on U.S.L.'s motion for extension of time. On May 13, 1988, D.F.I. filed a supplemental motion to dismiss U.S.L.'s petition for judicial review. In the motion to dismiss D.F.I. made the following argument:

"11. Petitioners [U.S.L.] have also failed to timely file a transcript of the proceeding. This failure is jurisdictional in nature and failure to comply is fatal."

On July 13, 1988, the Jasper Circuit Court dismissed U.S.L.'s petition for judicial review for failing to file the agency record in accordance with IND.CODE § 4–21.5–5–13 (1988 Ed.) which reads in part:

"(a) Within thirty (30) days after the filing of the petition, or within further time allowed by the court or by other law, the petitioner shall transmit to the court the original or a certified copy of the agency record for judicial review of the agency action[.]

\* \* \* \* \* \*

(b) An extension of time in which to file the record shall be granted by the court for good cause shown. Inability to obtain the record from the responsible agency within the time permitted by this section is good cause. Failure to file the record within the time permitted by this subsection, including any extension period ordered by the court, is cause for dismissal of the petition for review by the court, on its own motion, or on petition of any party of record to the proceeding.

(c) Upon a written request by the petitioner, the agency taking the action being reviewed shall prepare the agency record for the petitioner. If part of the record has been preserved without a transcript, the agency shall prepare a transcript for inclusion in the record transmitted to the court...."

■ U.S.L. did not send a written request for the agency record to the D.F.I. Instead U.S.L. sent the request for the agency record to the deputy attorney general. The D.F.I. was not required to prepare an agency record because U.S.L. failed to send the D.F.I. a written request.

After U.S.L. filed the motion for extension of time in March 1988, it failed to file the agency record before the review was dismissed in July 1988. In that period U.S.L. took no steps to fulfill the jurisdictional requirement of filing the agency record in the judicial review court. U.S.L. failed to request the agency record from the D.F.I. and transmit the agency record to the Jasper Circuit Court. The dismissal of the petition for judicial review was proper.

Affirmed.

MILLER, J., concurs;

GARRARD, P.J., concurs in result.