**In re the Marriage of Corrina B. BAYLESS, Appellant (Petitioner Below),**

v.

**Jack A. BAYLESS, Appellee (Respondent Below).**

**No. 20A04–9010–CV–00471.**

Court of Appeals of Indiana, Fourth District.

Nov. 12, 1991.

Rehearing Denied Dec. 27, 1991.

John J. Gaydos, Elkhart, for appellant.

MILLER, Judge.

Corrina Bayless appeals the denial of her motion to disqualify Max K. Walker, Jr., from representing, as private counsel, her husband Jack A. Bayless in their divorce. She also appeals the trial court's denial of fees for her attorney, John J. Gaydos, who represented her in response to her husband's petition for contempt. No appellee's brief has been filed.

We dismiss the appeal *sua sponte* because it is neither an appeal from a final judgment, nor an appeal from an appealable interlocutory order.

## DECISION

On March 22, 1990, in a hearing on Jack's motion for contempt filed against Corrina, Corrina filed a motion to disqualify Walker. Walker is a part-time deputy

prosecutor in Elkhart County and is also in private practice in partnership with Michael Cosentino, the Elkhart County Prosecutor. After a hearing, the court denied the motion. By mutual agreement—and without any evidence being heard on the contempt petition—the petition for contempt was withdrawn. The trial court then denied Corrina's request for attorney's fees for attorney John J. Gaydos's representation of her in the matter. Gaydos filed a motion to correct errors with the trial court on April 20, 1990, alleging the court erred in failing to disqualify Walker and in denying Corrina's request for attorney's fees. The court denied the motion on June 7, 1990. Gaydos filed a praecipe on July 5, 1990, but the record of the proceedings was not filed with this court until October 3, 1990.

 This court may dismiss appeals upon its own motion when it discovers it does not have jurisdiction. *Bell v. Wabash Valley Trust Company* (1973), 156 Ind. App. 476, 297 N.E.2d 924. Bayless raises two issues—neither of which are appealable final judgments. A final appealable order or judgment is one which disposes of all of the issues as to all of the parties and puts an end to the particular case. *Bell, supra.*

 Here, there was no judgment or final order, but a denial of two motions and the withdrawal—by mutual agreement—of a petition for contempt. There was no evidence presented on the merits of the contempt action, and all of the issues with respect to these parties had not been adjudicated because the divorce was pending. Neither the denial of the motion to disqualify Walker, nor the denial of an allowance for attorney's fees and legal expenses is a

trial, since neither involves an examination of the issues of the case, nor a consideration of matters relating to the merits of the case. 10A ILE *Divorce* § 118 (1983), citing *Stewart v. Stewart* (1902), 28 Ind.App. 378, 62 N.E. 1023 and *Pry v. Pry* (1947), 225 Ind. 458, 75 N.E.2d 909. Although this appeal does not directly challenge the dismissal of the contempt action, we also note that generally there is no appealable final judgment in contempt cases until the court has proceeded to attach and punish the defendant by fine or imprisonment. *State ex rel. Neal v. Hamilton Circuit Court* (1967), 248 Ind. 130, 224 N.E.2d 55.

 An appeal from an interlocutory order is not allowed unless specific authority is granted by the Indiana Constitution, statutes or the rules of court. *Bell, supra; Haag v. Haag* (1959), 240 Ind. 291, 163 N.E.2d 243. Any motion for attorney's fees during the pendency of the divorce is interlocutory in nature. *Castor v. Castor* (1975), 165 Ind.App. 520, 333 N.E.2d 124. Ind.Appellate Rule 4(B)(1) authorizes an automatic right to appeal an interlocutory order requiring the *payment of money*, but does not authorize an appeal from an interlocutory order *denying* the payment of money. *Id.* Exclusion, at the interlocutory stage, of evidence of services performed and time spent by counsel relating to the divorce proceeding is not necessarily a denial of compensation for those services or a denial of reimbursement to a spouse for payments to his or her attorneys because such evidence may be submitted to the trial court before the final divorce decree is entered and the court determines the amount of attorney's fees.[1] *Castor, supra.*

---

1. An allowance for attorney's fees and expenses of suit should be made only if the facts and evidence justify it. *In re Marriage of Gray* (1981), Ind.App., 422 N.E.2d 696. In determining whether attorney's fees are justified in a contempt action, it is proper for the court to determine whether a party was actually in contempt or whether the party's actions precipitated the need for a contempt hearing. *Haycraft v. Haycraft* (1978), 176 Ind.App. 211, 375 N.E.2d 252. Furthermore, whenever contempt is alleged against the noncustodial parent for nonpayment of support, the behavior of the custodial parent in withholding visitation rights can be considered by the trial court as a mitigating factor. *State ex rel. Summa v. Starke Circuit Court* (1958), 238 Ind. 204, 149 N.E.2d 541. Here, the request for fees was made after the petition had been withdrawn so there was *no* evidence before the trial court so that it could determine whether there was any basis for Jack's claim that Corrina willfully denied him visitation with the children or for the court to determine whether, as Corrina claimed, that Jack filed his petition to harass her for filing a contempt action against him.

■ The denial of the motion to disqualify Walker [2] could qualify as a discretionary interlocutory appeal under Ind.App.R. 4(B)(6), if the trial court had certified the matter for appeal, this court had accepted the petition for review, and the record of the proceedings had been timely filed. Ind. App.R. 3(B); [3] Ind.App.R. 4(B)(6).[4] Gaydos did not request certification from the trial court, nor did he petition this court to accept the appeal.

■ Instead of following the procedure for taking an appeal from an interlocutory order, Gaydos filed a motion to correct

2. The record does not indicate whether the divorce is pending or has been finalized. However, Corrina can seek review of the issue of Walker's disqualification after a final judgment has been entered in the matter, assuming Walker has continued to represent her husband in the divorce.

We note Ind.Professional Conduct Rule 1.8(k), as amended effective September 4, 1987, permits a part-time deputy prosecutor to represent persons in family law matters when 1) the matter does not involve any issue subject to prosecutorial responsibility or 2) the deputy has a prior, written express limitation to exclude prosecutorial authority in family law matters. *See also Matter of Reed* (1986), Ind., 500 N.E.2d 1189. Here, the matter is complicated because Walker is also in partnership with the Prosecutor in a private law practice. Walker testified he had an agreement with the prosecutor's office limiting his prosecutorial authority, but his testimony was equivocal about whether he shared his family practice fees with the Prosecutor. Prof.Cond.Rule 1.8(k) does not address this particular situation, but our supreme court may address the issue because the transcript indicates that Gaydos filed a disciplinary action against Walker for representing a husband in another divorce.

We also observe that our supreme court has held that when the elected prosecutor is disqualified from prosecuting a case because he himself becomes a witness in the case or because he has an interest in the outcome of a case, his entire staff of deputies must be recused. *State ex rel. Goldsmith v. Superior Court of Hancock County* (1979), 270 Ind. 487, 386 N.E.2d 942. *See also State v. Tippecanoe County Court* (1982), Ind., 432 N.E.2d 1377.

3. Ind.App.R. 3(B) provides (pertinent part) that "[i]n appeals and reviews of interlocutory orders, the record of the proceedings shall be filed within *thirty (30) days of the ruling.* However, if the statute under which the appeal or review is taken fixes a shorter time, the time fixed by the statute shall prevail." (Emphasis added).

This court has on occasion interpreted the words "within thirty days of the ruling" to mean that, in the case of interlocutory orders subject to mandatory review under App.R. 4(B)(1) through (5), the trial court's order is the applicable ruling for calculating the thirty days, but for discretionary interlocutory orders under App.R. 4(B)(6), the thirty days is to be calculated from the date this court finds the matter to be appealable. *Scott v. Bodor, Inc.* (1990), Ind.App., 550 N.E.2d 1326; *Koehn v. Devereaux* (1986), Ind. App., 495 N.E.2d 211, J. Staton, dissenting. The *Koehn* court observed that there were two possible dates for calculation of the thirty days—the date of the trial court's ruling on the issue to be appealed and the date of this court's decision accepting the petition for appeal. In fact, there are three dates from which the thirty day period could be calculated: 1) the trial court's original ruling; 2) the trial court's ruling certifying the issue for appeal; and 3) this court's ruling accepting the petition for appeal. We note that the *Koehn* interpretation has the effect of extending the time for filing an interlocutory appeal and, thus, violates both the spirit and the letter of the rule, and effectively changes the rule. Under the interpretation of *Koehn* and *Scott*, a person could wait several months or years after an adverse ruling by the trial court, have the trial court certify the issue, file a petition with this court to accept the interlocutory appeal and, if the record of the proceedings was filed within thirty days of this court's ruling accepting the petition for appeal, the appeal would be deemed timely. The purpose for the shorter time frame for interlocutory appeals is the need to expedite the process and avoid unnecessary delay in the pending litigation. *Hudson v. Tyson* (1978), 178 Ind.App. 376, 383 N.E.2d 66. We do note that in *Koehn*, the appellant had not filed a record within thirty days of the trial court's ruling; however, appellant had sought an order of certification from the trial court and filed a petition for leave to appeal with this court. In both *Koehn* and *Scott*, the appellants took some affirmative action to comply with the requirements of the rule; here, Gaydos sought to circumvent the rule by attempting to appeal as if there were a final order and delayed filing his record more than 195 days after the trial court's denial of the two motions.

4. Ind.Appellate Rule 4(B)(6) provides for appeal of an interlocutory order, "if the trial court certifies and the court on appeal or a judge thereof finds on petition that:

(a) The appellant will suffer substantial expense, damage or injury if the order is erroneous and the determination thereof is withheld until after judgment, or

(b) The order involves a substantial question of law, the early determination of which will promote a more orderly disposition of the case, or

(c) The remedy by appeal after judgment is otherwise inadequate."

errors with the trial court and appealed from the denial of the motion as if there had been a final judgment. However, the denial of the motion to correct errors did not transform the matter into a final judgment. The rules provide that in an interlocutory appeal, no motion to correct errors may be filed with the trial court. 4A K. STROUD, INDIANA PRACTICE § 15.15 at 213 (1990), citing Ind.Trial Rule 59(C). As Judge Shields, writing for the majority, noted in *Hudson v. Tyson* (1978), 178 Ind. App. 376, 383 N.E.2d 66, the filing of a motion to correct errors in an appeal from an interlocutory order is "fraught with danger due to the provision of Appellate Rule 3(B) which requires that the record be filed within 30 days of the interlocutory order or any such shorter time that may be fixed by statute. This time limitation, unlike the 90 day time frame for final judgments, is not altered by the filing of an optional motion to correct errors." *Id.* at 72, n. 9. Here, the record was not filed until 118 days after the trial court denied the motion to correct errors, and 195 days after the trial court's denial of the motions to disqualify Walker and award attorney's fees. An attempt to appeal an interlocutory order as if it were a final judgment results in waiver of the issue. *In re Liquidation of United Savings and Loan Association* (1989), Ind.App., 542 N.E.2d 211.

Appeal dismissed.

CONOVER and BARTEAU, JJ., concur.