Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Mar 31 2014, 10:34 am
CLERK
of the supreme court, court of appeals and tax court

ATTORNEY FOR APPELLANT:

**MARK W. RUTHERFORD**
**STEPHEN R. DONHAM**
Thrasher Buschmann & Voelkel, P.C.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELLEN H. MEILAENDER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

AADIL ASHFAQUE,                      )
                                     )
    Appellant-Defendant,             )
                                     )
        vs.                       )    No. 49A02-1308-CR-743
                                     )
STATE OF INDIANA,                    )
                                     )
    Appellee-Plaintiff.              )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Jose Salinas, Judge
Cause No. 49G14-1305-FD-29521

**March 31, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

The trial court denied Aadil Ashfaque's motion to dismiss charges filed against him alleging that he had committed the felony offenses of dealing and possessing a synthetic drug, among other charges. Although Ashfaque presents arguments in support of his contentions on the merits of the trial court's denial of his motion to dismiss, we do not pass on those issues, as we lack jurisdiction.

We dismiss.

On May 8, 2013, the State charged Ashfaque with dealing in a synthetic drug as a class D felony, possession of a synthetic drug as a class D felony, operating while intoxicated as a class A misdemeanor, and operating without a license as a class C misdemeanor. Ashfaque filed a motion to dismiss the two felony charges related to synthetic drugs, to which the State filed a response. At a hearing held on August 14, 2013, the trial court denied the motion to dismiss and stated the following:

> So what I'm seeing here is the –the bottom line is I'm going to deny your Motion to Dismiss. I'm going to allow you to do an interlocutory if you want because I can see both sides. I can see where you're saying that the state legislature is the one authorized to make statutes and what have you, but they are also authorized to implement programs and agencies to enforce and guide us in how we are to go forth.
>
> . . . .
>
> I'm going to deny the Motion to Dismiss because I feel that the state legislature has the right to do what it did. And I don't believe that just because the statute is not specific in this area does not make it unconstitutional. It gives individuals an—some guidance to go forth.
>
> I'm going to incorporate into my ruling the arguments put forth by the State in their motion.

2

All right. So I'm going to give you 30 days to decide if you want to do an interlocutory. I'll grant that because frankly, I think this was inevitable. So let's come back attorneys only for September 17th at 8:30. Thank you.

*Transcript* at 8-9.

There is nothing in the record reflecting that a request for certification of the issue for purposes of interlocutory appeal was ever filed with the trial court. Likewise, there is no written order from the trial court certifying the matter for interlocutory appeal. Nonetheless, on August 30, 2013, Ashfaque filed a motion with this court asking that we accept jurisdiction of this interlocutory appeal. On October 11, 2013, we accepted jurisdiction. Ashfaque now appeals.

Ind. Appellate Rule 14(B) governs the process by which parties pursue discretionary interlocutory appeals. In particular, the rule requires a certification of the order by the trial court, and outlines the contents of the motion, which "must be filed in the trial court within thirty (30) days after the date the interlocutory order is noted in the Chronological Case Summary." App. Rule 14(B). Once that has been done, we may in our discretion accept jurisdiction of the appeal.

This court may dismiss appeals when it discovers it does not have jurisdiction. *Bayless v. Bayless*, 580 N.E.2d 962 (Ind. Ct. App. 1991). An appeal from an interlocutory order is not allowed unless the Indiana Constitution, statutes, or the rules of court grant specific authority to do so. *Id.* App. R. 14(B) "clearly provides that the only prerequisite for this court to accept a discretionary interlocutory appeal is certification of the order by the trial court." *State v. Foy*, 862 N.E.2d 1219, 1223 (Ind. Ct. App. 2007).

In this case, the trial court's order was not properly certified. This is not surprising in light of the fact that Ashfaque never filed a request in the first place. At the hearing on Ashfaque's motion to dismiss the trial court expressed its willingness to certify the order if Ashfaque requested certification within thirty days. The trial court's written order and the chronological case summary reflect that Ashfaque was indeed given thirty days in which to make a decision on the interlocutory appeal. No action was taken until the request that we accept jurisdiction of the appeal was filed. Because we lack jurisdiction to decide this appeal, we must dismiss.

Appeal dismissed.

MATHIAS, J., and PYLE, J., concur.