## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 26 2016, 9:03 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT
INDIANA FSSA DIVISION OF
MENTAL HEALTH & ADDICTIONS:

Gregory F. Zoeller
Attorney General of Indiana

Frances Barrow
Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLEE J.T.:

Peter D. Todd
Elkhart, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In the Matter of J.T., D.O.B. 12/16/02, alleged to be a Delinquent Child

October 26, 2016

Court of Appeals Case No. 20A05-1602-JV-373

Appeal from the Elkhart Circuit Court

The Hon. Terry C. Shewmaker, Judge

The Hon. Deborah Domine, Magistrate

Trial Court Cause No. 20C01-1508-JD-290

**Bradford, Judge.**

# Case Summary

[1]     In August of 2015, the State filed a delinquency petition alleging that Appellee-Respondent J.T. had committed acts that would be murder if committed by an adult. It is undisputed that J.T. is currently incompetent to stand trial, and, in November of 2015, the juvenile court ordered her committed to Appellant-Intervenor Indiana FSSA Division of Mental Health and Addiction ("DMHA") and ordered her placed in LaRue D. Carter Memorial Hospital in Indianapolis ("LaRue Carter"). DMHA contends that the juvenile court lacked statutory authority to order J.T. committed to DMHA. J.T. argues that DMHA is appealing from an interlocutory order but failed to follow the procedures for permissive interlocutory appeals in the Indiana Rules of Appellate Procedure, requiring dismissal of the appeal. Because we agree with J.T., we order DMHA's appeal dismissed.

## Facts and Procedural History

[2]     On July 23, 2015, twelve-year-old J.T. allegedly fatally stabbed her stepmother with a kitchen knife, stabbed her father, and set the family apartment on fire. On August 3, 2015, the State filed a delinquency petition alleging that J.T. had committed acts that would be murder if committed by an adult. On August 17, 2015, J.T. moved for a competency determination, which motion the juvenile court granted. The juvenile court held a competency hearing on November 12, 2015, and issued its order five days later. In the order, the juvenile court found that J.T. was not competent to stand trial and ordered placement through DMHA. On November 19, 2015, the juvenile court entered an order of

commitment and transportation to DMHA, directing DMHA to admit J.T. at the Evansville State Hospital on November 24, 2015.

[3] On November 19, 2015, DMHA filed a motion to intervene and an emergency motion for a temporary stay of commitment order pending admission to LaRue Carter. DMHA's emergency motion also asked the juvenile court to change J.T.'s placement to LaRue Carter. On November 23, 2015, J.T. objected to DMHA's motion to intervene and responded to its emergency motion for a temporary stay. Also that day, the juvenile court conducted a hearing on DMHA's motions.

[4] On November 25, 2015, the juvenile court entered an order granting DMHA's motion to intervene, denied the motion for stay, and modified the order of November 19, 2015, so that J.T. would be placed at LaRue Carter on December 1. On December 15, 2015, DMHA filed a motion to correct error that challenged all of the orders directed to DMHA. On January 25, 2016, the juvenile court denied DMHA's motion to correct error. The order reached the following conclusion:

> [J.T.] has a constitutional right to have her competency determined before she is subjected to a delinquency proceedings. A court does not require statutory authority to respect a constitutional right. Therefore, [J.T.] was evaluated by two psychiatrist[s] and one psychologist; all three opined, based on the child's diagnosed mental illness, that she was not competent to stand trial or aid in her defense. The issue of competency is not contested by the Elkhart Office of the Prosecuting Attorney. The Prosecutor and the child's counsel support the Elkhart Juvenile Court's commitment order, placing [J.T.] in a DMHA

facility. And throughout these proceedings, the DMHA has agreed to the commitment of the child.

A commitment was ordered by the Elkhart County Juvenile Court to a DMHA facility after the DMHA had assured Elkhart Juvenile Probation that a bed was available, after attempts at a voluntary civil commitment failed and an involuntary commitment was never initiated, and after the child had been turned down by fifteen child caring institutions. Placement in a DMHA facility was an emergency, it was consistent with the statutorily defined propose of the DMHA and consistent with the holding of the Indiana Supreme Court in *Matter of K.G.*

In issuing the contested court orders and reviewing the relevant case law, it is clear that the waiver of [J.T.] to the adult criminal system would make providing her with treatment and restoring her to competence a more simple process. But the Prosecutor in this community has thoroughly reviewed the facts and circumstances of his case and is not asking for waiver. Securing placement within the juvenile justice system is no simple task, but under the circumstances here, it is the right thing to do and placement through the DMHA was and continues to be the only option for this child.

Appellant's App. pp. 92-93.

[5] On February 22, 2016, DMHA filed a notice of appeal from the juvenile court's order denying its motion to correct error. DMHA contends that the juvenile court did not have the authority to place J.T. in a state psychiatric hospital for the purpose of restoring competency and should have instead used the mental health commitment procedures contained in Indiana Code article 12-26. J.T. contends that this court lacks jurisdiction to hear this appeal because DMHA failed to have the appealed order certified as a final order by the juvenile court and the juvenile court properly placed J.T. in a state mental health facility.

# Discussion and Decision

## Whether DMHA has Properly Perfected this Appeal

[6]     J.T. contends that DMHA's appeal is not properly before this court because the juvenile court's ruling that J.T. be committed to DMHA is subject to Indiana Appellate Rule 14(B), which governs discretionary interlocutory appeals, and DMHA did not satisfy the section's requirements. DMHA contends that the juvenile court's order constitutes a final judgment, the appeal from which is not subject to Appellate Rule 14 at all.

[7]     We first address DMHA's contention that the trial court's order constitutes a final, appealable judgment. DMHA contends that the juvenile court's order is an involuntary commitment order, which it further contends is deemed final by operation of Indiana Code section 12-26-1-9. "The interpretation of a statute is a question of law reserved for the courts." *Scott v. Irmeger*, 859 N.E.2d 1238, 1239 (Ind. Ct. App. 2007).

> A statute should be construed so as to ascertain and give effect to the intention of the legislature as expressed in the statute. In so doing, the objects and purposes of the statute in question must be considered as well as the effect and consequences of such interpretation. When interpreting the words of a single section of a statute, this court must construe them with due regard for all other sections of the act and with regard for the legislative intent to carry out the spirit and purpose of the act. We presume that the legislature intended its language to be applied in a logical manner consistent with the statute's underlying policy and goals. Statutes relating to the same general subject matter are in pari materia and should be construed together so as to produce a

harmonious statutory scheme.  Courts are not bound to adopt a construction that would lead to manifest absurdity in order that the strict letter of the statute may be adhered to.  They will rather look to the intention of the legislature, as gathered from the import of the whole act, and will carry out such intention as thus obtained.

*Fuller v. State*, 752 N.E.2d 235, 237-38 (Ind. Ct. App. 2001) (citations omitted).

[8]     Section 12-26-1-9 provides, in full, as follows:

> (a) In a proceeding involving involuntary detention or commitment under this article, appeals from the final orders or judgments of the court of original jurisdiction may be taken by any of the following:
>> (1) The individual who is the subject of the proceeding.
>> (2) A petitioner in the proceeding.
>> (3) An aggrieved person.
> (b) An appeal must be taken in the same manner as any other civil case according to the Indiana Rules of Trial and Appellate Procedure.

Simply put, nothing in the above statutory language automatically transforms every order of involuntary commitment into a final judgment.  Subsection (a) merely defines the classes of persons who may appeal from the "final orders or judgments" in involuntary detention or commitment proceedings without stating, or even implying, that *any* order of involuntary commitment is a final, appealable order or judgment.  As for Subsection (b), it stands for the seemingly unremarkable proposition that an appeal taken must be taken as any other civil case and according to the Trial and Appellate Rules, which, of course, include Appellate Rule 14(B), governing permissive interlocutory appeals.

In support, DMHA cites to our decision in *In re Involuntary Commitment of A.M.*, 959 N.E.2d 832 (Ind. Ct. App. 2011), a case in which we observed that the involuntary commitment was a final appealable order in that case. *Id.* at 834 n.1. *A.M.*, however, does not help DMHA here, as it is readily distinguishable. It is sufficient for us to note that *A.M.* involved a proceeding where the involuntary commitment was the only issue in the case; consequently, the trial court's decision on that one issue was necessarily a final, appealable judgment or order. *Id.* at 833-34. "A final judgment differs from an interlocutory order in that it represents the ultimate determination of the court upon the matter. A final judgment 'disposes of all issues as to all parties, to the full extent of the court to dispose of the same, and puts an end to the particular case as to all of such parties and all of such issues.'" *Hudson v. Tyson*, 383 N.E.2d 66, 69 (Ind. Ct. App. 1978) (quoting *State ex rel. Neal v. Hamilton Circuit Court*, 248 Ind. 130, 134, 224 N.E.2d 55, 57 (1967)). Here, J.T.'s commitment was due to the juvenile court's finding that she was incompetent to stand trial, which leaves unresolved the ultimate question of her status as a juvenile delinquent. DMHA's reliance on *A.M.* is unavailing.

Having concluded that the order appealed from was not a final, appealable judgment or order, DMHA's only valid option was to employ the procedure outlined in Appellate Rule 14(B), which provides that "[a]n appeal may be taken from other interlocutory orders if the trial court certifies its order and the Court of Appeals accepts jurisdiction over the appeal." DMHA does not dispute that it did not seek to have the juvenile court's commitment order

certified for permissive interlocutory appeal.[1]  "An appeal from an interlocutory order is *not* allowed unless specifically authorized by the Indiana Constitution, statutes, or the rules of court."  *Allstate Ins. Co. v. Scroghan*, 801 N.E.2d 191, 193 (Ind. Ct. App. 2004) (citing *Bayless v. Bayless,* 580 N.E.2d 962, 964 (Ind. Ct. App. 1991)*, trans. denied*) (emphasis added), *trans. denied*.  "The authorization is to be strictly construed, and any attempt to perfect an appeal without such authorization warrants a dismissal."  *Id*. (citing *Anthrop v. Tippecanoe Sch. Corp.,* 257 Ind. 578, 581, 277 N.E.2d 169, 171 (1972)).  DMHA's appeal from the juvenile court's commitment order for J.T. is therefore dismissed.[2]

[11]  This appeal is dismissed.

Pyle, J., and Altice, J., concur.

---

[1] DMHA also notes that an order that is a ruling on a motion to correct error is defined as a "final judgment" in Appellate Rule 2(H)(4).  It is well-settled, however that filing a motion to correct error with respect to an interlocutory order does not transform the matter into a final judgment.  *See, e.g.*, *Bayless v. Bayless*, 580 N.E.2d 962, 966 (Ind. Ct. App. 1991) ("However, the denial of the motion to correct errors did not transform the matter into a final judgment.), *trans. denied*.

[2] DMHA also requests that, even if we conclude that it did not properly perfect its interlocutory appeal, we disregard that failure and address its claims on the merits.  DMHA relies on the Indiana Supreme Court's decision in *In re Adoption of O.R.*, 16 N.E.3d 965 (Ind. 2014), in which the Court forgave an untimely notice of appeal in order to reach the merits of a biological father's claim that the juvenile court improperly allowed the adoption of his child without his consent.  *Id*. at 967.  In so doing, the *O.R.* Court noted father's diligence in attempting to timely appeal (he sought the appointment of appellate counsel several days before the deadline but counsel was not appointed until afterwards) and the constitutional nature of his claim.  *Id*. at 971-72.  We do not consider the equities of this case to be comparable to those in *O.R.*  Here, there is no claim that DMHA attempted to employ the proper procedure for appealing the juvenile court's order, and DMHA's claim is not of constitutional dimension.  We decline DMHA's invitation to overlook its failure to properly prosecute its appeal.