## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 31 2019, 9:19 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANTS

Bradley J. Buchheit
McNeely Stephenson
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

James R. Schrier
Reiling Teder & Schrier, LLC
Lafayette, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

Crossroads Family Farms, LLC, et al.,

*Appellants-Defendants,*

v.

Agrifund, LLC

*Appellee-Plaintiff.*

December 31, 2019

Court of Appeals Case No.
19A-PL-2271

Appeal from the Hancock Circuit Court

The Honorable R. Scott Sirk, Judge

Trial Court Cause No.
30C01-1804-PL-513

**Bailey, Judge.**

# Case Summary

[1] Crossroads Family Farms, LLC ("the LLC") and Crossroads Family Farms, Inc. ("the Corporation") (collectively, "Crossroads") challenge an order that Agrifund, LLC ("Agrifund"), holder of a judgment against Central Midwest Family Farms, General Partnership ("Central Midwest"), may in proceedings supplemental pursue garnishment of funds that the Corporation may owe the LLC, a garnishee defendant. Lacking jurisdiction of this discretionary interlocutory appeal, we dismiss.

# Facts and Procedural History

[2] Central Midwest defaulted on a $1.46 million loan from Agrifund and, on July 12, 2018, Agrifund obtained a judgment against Central Midwest in the amount of $429,047.93. In proceedings supplemental, Agrifund named the LLC and the Corporation as garnishee defendants having funds belonging to Central Midwest. In April of 2019, the trial court issued a garnishment order against the LLC. Agrifund subsequently alleged that the LLC and the Corporation are controlled by the same family members and that the Corporation should be compelled to pay Agrifund any amount it owes or will owe the LLC.

[3] On August 27, 2019, the trial court entered an order providing in relevant part:

> IT IS THEREFORE ORDERED that [Agrifund] is entitled to garnish funds that Crossroads Family Farms, Inc. may owe to Crossroads Family Farms, LLC and such claim be and hereby is

granted and set for hearing for Proceeding Supplemental @ 10:00 am on October 15, 2019.

Appealed Order at 1. Crossroads now appeals.

# Discussion and Decision

[4] "'It is the duty of this Court to determine whether we have jurisdiction before proceeding to determine the rights of the parties on the merits.'" *DuSablon v. Jackson Cty. Bank*, 132 N.E.3d 69, 75 (Ind. Ct. App. 2019) (quoting *Allstate Ins. Co. v. Scroghan*, 801 N.E.2d 191, 193 (Ind. Ct. App. 2004), *trans. denied*). The appellate authority of this Court is "generally limited to appeals from final judgments," although "our Rules of Appellate Procedure also confer appellate jurisdiction over non-final interlocutory appeals pursuant to Appellate Rule 14." *Ball State University v. Irons*, 27 N.E.3d 717, 720 (Ind. 2015).

[5] Here, the parties acknowledge that the challenged order is not a final order. However, Crossroads contends that the appeal is properly pursued according to Indiana Appellate Rule 14(A)(1), which provides for an appeal "taken as a matter of right" from an interlocutory order "for the payment of money." Authorization for an interlocutory appeal as of right is to be strictly construed. *Allstate*, 801 N.E.2d at 193.

[6] "The matters which are appealable as of right under Appellate Rule [14(A)] involve trial court orders which carry financial and legal consequences akin to those more typically found in final judgments: payment of money, issuance of

a debt, delivery of securities, and so on." *State v. Hogan*, 582 N.E.2d 824, 825 (Ind. 1991). The "purpose of allowing appeals for the payment of money is to provide a remedy to parties compelled to part with money which is tied up awaiting litigation[.]" *Schwedland v. Bachman*, 512 N.E.2d 445, 450 (Ind. Ct. App. 1987). Some examples include: *Ferguson v. Estate of Ferguson*, 40 N.E.3d 881, 885 (Ind. Ct. App. 2015) (an order that a litigant deposit a bond payment in excess of one million dollars with the trial court clerk within thirty days, to stay the sale of a farm, an act that could not be undone if it occurred); *Estate of Meyer*, 702 N.E.2d 1078 (Ind. Ct. App. 1998) (order to pay death taxes), *trans. denied*; *Lamon v. Lamon*, 611 N.E.2d 154 (Ind Ct. App. 1993) (order to pay child support); *Schwedland*, 512 N.E2d at 445 (order to deliver check into court); *State v Kuespert*, 425 N.E.2d 229 (Ind. Ct. App. 1981) (order to pay attorney's fees as a sanction under Trial Rule 37).

[7] Crossroads's interlocutory appeal cannot be taken as a matter of right because the trial court's order did not "directly order one of the parties to pay a sum to another party or into court." *Schwedland*, 512 N.E.2d at 449. Crossroads was not prevented from "the use of its money during pending litigation." *Id.* at 450. Instead, the trial court determined that Agrifund could pursue garnishment in proceedings supplemental against Crossroads. As such, Crossroads was required to appear at a hearing at which Agrifund might establish that certain funds existed for garnishment. And Crossroads did not seek certification of this discretionary interlocutory appeal under Indiana Appellate Rule 14(B). This Court is without subject matter jurisdiction to consider the merits of the appeal

and therefore we may dismiss upon our own motion. *See Moser v. Moser*, 838 N.E.2d 532, 534 (Ind. Ct. App. 2005).

[8] Dismissed.

Kirsch, J., and Mathias, J., concur.